```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| VIORIKA MEZA, | : | CIVIL ACTION |
| | : | No. 13-7139 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY, et. al, | : | |
| | : | |
| Defendants. | : | |

# **O R D E R**

**AND NOW**, this **7th** day of **April, 2014,** upon consideration of Plaintiff's Motion to Amend Interlocutory Order (ECF No. 19), as well as Defendants' Motion to Dismiss (ECF No. 20) and Plaintiff's response thereto (ECF No. 21), it is hereby **ORDERED** as follows:

(1) Plaintiff's motion to amend the interlocutory order of March 14, 2014 (ECF No. 19), is **DENIED**, as the order does not involve a controlling question of law as to which there is substantial ground for difference of opinion. See 28 U.S.C. 1292(b).

(2) Defendants' motion to dismiss the action for lack of jurisdiction (ECF No. 20) is **GRANTED**.[1]

---

[1] Because the Court previously dismissed all claims over which it had original jurisdiction, and the matter is still at an early stage in the litigation, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484

(3) Plaintiff's state law claims (Counts I, II, VIII, IX, and X) are **DISMISSED without prejudice.**

(4) The Clerk shall mark the case **CLOSED.**

    **AND IT IS SO ORDERED.**

**/s/ Eduardo C. Robreno**
**EDUARDO C. ROBRENO,   J.**

---

U.S. 343, 350 n.7 (1988) (noting that, when federal claims are dismissed before trial, principles of judicial economy, convenience, fairness, and comity generally "point toward declining to exercise jurisdiction over the remaining state-law claims"). Accordingly, the Court will dismiss the action for lack of jurisdiction. Plaintiff has the option of "transferring" the matter to the state court by filing a certified transcript of this final judgment and the related pleadings in the appropriate Pennsylvania state court. See 42 Pa. C.S.A. § 5103(b) ("Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth" by complying with that procedure.) See also Lafferty v. St. Riel, 395 F.3d 72, 84 (3d Cir. 2007) (explaining that § 5103(b) "seems to use 'transfer' to mean 'refile' when it addresses how litigants may pursue their cases in state court after a dismissal by a federal court for lack of jurisdiction").